FILED
2025 Oct-15 AM 11:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Northern District of Alabama

UNITED STATES OF AMERICA

v. Case Number 2:22-CR-35-MHH-GMB-3

GARY L. RAPP, JR
Defendant.

## JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**

The defendant, GARY L. RAPP, JR, was represented by Steven E. Farese, Sr and James W. Parkman, III.

On motion of the United States, the Court has dismissed counts 40ss, 41ss, 42ss, 67ss, 68ss, 69ss, 96ss, and 108ss.

The defendant pleaded guilty to counts 1ss and 94s. Accordingly, the defendant is adjudged guilty of the following counts, involving the indicated offenses:

| Title & Section | Nature of Offense | Count Numbers |
|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Operate an Illegal Gambling Business | 1ss |
| 18 U.S.C. § 1956(h) | Conspiracy to Commit Money Laundering | 94ss |

As pronounced on October 2, 2025, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant shall pay to the United States a special assessment of $200.00 for counts 1ss and 94ss, which is due immediately.

The defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 8th day of October, 2025.

Madeline H. Haikala

MADELINE HUGHES HAIKALA
U.S. DISTRICT JUDGE

Defendant: GARY L RAPP, JR
Case Number: 2:22-CR-35-MHH-GMB-3

## PROBATION

The defendant is placed on probation for a term of 60 months as to each of counts 1ss and 94ss, separately, but to be served concurrently. The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of probation.

### STANDARD CONDITIONS OF PROBATION

While the defendant is on probation pursuant to this Judgment:

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced (if placed on probation) or released from custody (if supervised release is ordered), unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.
3) You must not commit another federal, state, or local crime.
4) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers). Revocation of supervision is mandatory for possession of a firearm.
5) You must not unlawfully possess a controlled substance.
6) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. You must contribute to the cost of drug testing unless the probation officer determines you do not have the ability to do so. Based upon a court order entered during the period of supervision for good cause shown or resulting from a positive drug test or evidence of excessive use of alcohol, you shall be placed in the Substance Abuse Intervention Program (SAIP) (or comparable program in another district).
7) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
8) You must follow the instructions of the probation officer related to the conditions of supervision.
9) You must answer truthfully the questions asked by the probation officer.
10) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. (If you have been convicted of a crime of violence or a drug trafficking offense, the probation office is responsible for complying with the notice provisions of 18 U.S.C. § 4042(b) and (c) if you change your residence.)
11) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
12) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as the position or the job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
13) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
14) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
15) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
16) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk, and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
17) You must fully and truthfully disclose financial information as requested by the probation officer related to the conditions of supervision. Financial information may include, but is not limited to, authorization for release of credit information, bank records, income tax returns, documentation of income and expenses, and other financial information regarding personal or business assets, debts, obligations, and/or agreements in which the defendant has a business involvement or financial interest.
18) You must support all dependents.

Defendant: GARY L RAPP, JR
Case Number: 2:22-CR-35-MHH-GMB-3

**CONTINUATION OF STANDARD CONDITIONS OF PROBATION**

19) You must comply with the probation office's Policies and Procedures Concerning Court-Ordered Financial Obligations to satisfy the balance of any monetary obligation resulting from the sentence imposed in the case. Further, you must notify the probation officer of any change in your economic circumstances that might affect your ability to pay a fine, restitution, or assessment fee. If you become more than 60 days delinquent in payments of financial obligations, you may be: (a) required to attend a financial education or employment preparation program under the administrative supervision of the probation officer; (b) placed on home detention subject to location monitoring for a maximum period of 90 days under the administrative supervision of the probation officer (and you must pay the cost of monitoring unless the probation officer determines you do not have the ability to do so); and/or (c) placed in a community corrections center for up to 180 days under the administrative supervision of the probation officer (and you must pay the cost of subsistence unless the probation officer determines you do not have the ability to do so).

Defendant: GARY L RAPP, JR
Case Number: 2:22-CR-35-MHH-GMB-3

**SPECIAL CONDITIONS OF PROBATION**

While the defendant is on probation pursuant to this Judgment:

1) You must cooperate in the collection of DNA under the administrative supervision of the probation officer.
2) You will be monitored for a period of 6 by location monitoring technology under the administrative supervision of the probation officer, and you must comply with all requirements of the location monitoring program. You must pay for the cost of monitoring unless the probation officer determines you do not have the ability to do so. During the period of monitoring, you are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances or other court-ordered obligations; and other activities pre-approved by the probation officer.
(Home Detention)
The form of location monitoring technology used to monitor you will be at the discretion of the probation officer.
3) You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664.
4) You must not incur any new debts (other than normal debts for existing utilities, rental expenses, or mortgage payments), increase existing credit lines, or open any new lines of credit without the permission approval of the probation officer unless and until all court-ordered financial obligations have been paid in full. New debt includes contracts which obligate payments, credit agreements, and loans, including those with friends and family members.
5) You must maintain a single checking and/or savings account in your own legal name. You must deposit all personal income and monetary gains into the account(s) and must pay all personal expenses from this account.
6) You must cooperate and assist the IRS in any civil or administrative proceeding involving his tax liabilities, as well as any tax liabilities of businesses owned by him.
8) You must declare to the IRS all bank accounts through which you, or any business with which you are or may be associated, receive income, from any source.
9) You must declare to the IRS all assets, real estate or otherwise, in which you have an ownership interest.
10) You must notify the IRS before transferring title of any assets in your name into the names of others.
11) You must file any and all outstanding U.S. tax returns due from you.
12) You must file amended returns for the years 2017 through 2022, as requested by the IRS.
13) You must pay all outstanding taxes due and owing, on terms as agreed to with the IRS.

Defendant: GARY L RAPP, JR
Case Number: 2:22-CR-35-MHH-GMB-3

## RESTITUTION AND FORFEITURE

### RESTITUTION

The Court, pursuant to the Victim and Witness Restitution Act, finds that the following is victim of defendant's criminal conduct and has sustained loss in the indicated amounts and orders restitution by the defendant as follows:

| **Name & address of payee** | **Amount** |
|---|---|
| IRS-SACS<br>ATTN: Mail Stop 6261, Restitution<br>333 W Pershing Avenue<br>Kansas City, MO 64108<br>Ref: Gary Rapp | $2,638,646,14 |

Payments of restitution, without interest, are to be made to Clerk, U. S. District Court, for transfer to the payee.

Restitution is due and payable by the end of term of supervision-.

Pursuant to 18 U.S.C. § 3664 (i), all non-federal victims must be paid before the United States is paid. If there are multiple payees, any payment not made directly to a payee shall be divided proportionately among the payees named unless otherwise specified here:

**Note: The victim's recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victim receives full restitution.**

### FORFEITURE

The defendant must forfeit the following property to the United States: **FUNDS TO BE DETERMINED**

Payments made during the term of imprisonment, the term of supervision, or otherwise, do not preclude the government from using other assets or income of the defendant to satisfy this restitution obligation.

**NOTE: The Court orders criminal forfeiture, and a separate Final Order of Forfeiture will be issued. The Court strongly urges that any proceeds collected as a result of the Final Order of Forfeiture be applied toward the amount of restitution ordered in this case in accordance with the Attorney General's Guidelines and Procedures for Restoration of Forfeited Property to Crime Victims via Restitution in lieu of Remission.**